UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION  ) ) ) ) | Cause No. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: ) ) ) *Katrina Lee, et al. v. FedEx Ground Package System,* ) ) ) Cause No. 3-05-CV-00533 ) RLM-CAN (MN) ) ) | |

OPINION and ORDER

On June 25, 2008, FedEx Ground filed a motion asking the court to amend the portion of its March 25, 2008 order certifying a Minnesota class under Federal Rule of Civil Procedure 23(b)(3).[1] FedEx's motion to amend is limited to the plaintiffs' Minnesota Prevention of Consumer Fraud Act ("MPCFA") claim and doesn't seek to amend class certification regarding the plaintiffs' two other statutory claims. For the reasons stated below, the court denies FedEx's motion to amend.

Under Federal Rule of Civil Procedure 23(c)(1)(C), a district court may alter or amend an order granting class certification anytime before final judgment. FED. R. CIV. P. 23(c)(1)(C); *see also* Movement for Opportunity and Equality v. Gen.

---

[1] The court clarified in its July 28, 2008 order [Doc. No. 1542], entered after this motion was fully briefed, that class certification is appropriate under Rule 23(b)(3). Thus, both parties' arguments regarding certification under 23(b)(3) as opposed to 23(b)(2) are moot.

Motors Corp., 622 F.2d 1235, 1254 (7th Cir. 1980). Alteration or amendment may be necessary where upon further development of the facts the original determination seems unsound. Fed. R. Civ. Proc. 23(c)(1)(C), 1966 Advisory Committee cmt. subd. (c)(1); *see also* In re Bridgestone/Firestone, Inc., 288 F.3d 1012, 1018 (7th Cir. 2002) (finding class certification inappropriate because, upon fuller development, the claims became clearly unmanageable as a class action); Synfuel Tech., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 652 (7th Cir. 2006) (stating that a district court is free to consider whether, upon closer examination of applicable states' consumer fraud law, class certification may have been proper with regard to certain state law claims but not others).

In its March 25 order, the court granted the Minnesota plaintiffs' motion for class certification of their claims alleging violations of Minnesota's Illegal Deductions from Wages Law, MINN. STAT. § 181.79, subd. 1, Failure to Keep Records Law, MINN. STAT. § 177.30, and the Minnesota Prevention of Consumer Fraud Act, MINN. STAT. § 325F.69, subd. 1. In opposition to class certification, FedEx argued that Minnesota law requires individual inquiry into the employment status of its drivers, thus eliminating the presence of a predominant common question of fact. With respect to the plaintiffs' MPCFA claims, FedEx maintained that class certification was inappropriate because the plaintiffs must demonstrate reliance, creating the need for an examination of the representations made to each driver. The court rejected this contention, noting that the authority cited by FedEx made it abundantly clear that although a plaintiff must establish a casual nexus

2

between the injury and the defendant's wrongful conduct to recover under the MPCFA, no individual inquiry into reliance is necessary in cases where damages are alleged to be caused by a lengthy course of prohibited conduct affecting a large number of consumers. Group Health Plan, Inc. v. Phillip Morris, Inc., 621 N.W.2d, 14 (Minn. 2001) (holding that "the casual nexus and its reliance component may be established by other direct or circumstantial evidence that . . . is relevant and probative as to the relationship between the claimed damages and the alleged prohibited conduct."). Accordingly, the court found that whether FedEx violated the MPCFA by representing to its drivers that they were independent contractors is a question that can be decided on a class-wide basis.

In today's motion, FedEx now contends that the court should amend the March 25 order and deny the plaintiffs' motion to certify a class under the MPCFA based on the Eighth Circuit's decision in In re St. Jude Medical, Inc., 522 F.3d 836 (8th Cir. 2008), a case decided after the court issued its order on class certification. FedEx says that St. Jude clarifies the Minnesota Supreme Court's decision in Group Health and renders certification improper where the defendant intends to offer individualized evidence on the issues of causation and reliance.

In the St. Jude products liability litigation, the plaintiffs received prosthetic heart valve implants produced and marketed by St. Jude Medical, Inc. 522 F.3d at 837. After clinical studies showed that patients implanted with the value experienced an increased risk of leakage, St. Jude recalled the implants, and the plaintiffs sued, bringing a class action under the MPCFA seeking damages for

deceptive marketing. In opposition to class certification, St. Jude presented evidence that two of the five named plaintiffs hadn't received any representations regarding the unique qualities of the valve from either their physicians or St. Jude. Id. at 838-839. St. Jude also presented evidence that the individual physicians learned about the valve in different ways, thus raising a question as to whether the information upon which the physicians based their decision to recommend the valve ultimately could be linked to representations made by St. Jude. Id. at 839. Despite these issues, the district court certified the class based on Group Health, stating that "'proof of reliance is unnecessary' under Minnesota consumer protection law." Id (*citing* In re St. Jude Med., Inc., 2003 WL 1589527, at *18 (D. Minn. Mar. 27, 2003)).

The Eighth Circuit reversed class certification, concluding that common issues wouldn't predominate the inquiry into St. Jude's liability. In re St. Jude Medical, Inc., 522 F.3d at 838-839. While the plaintiffs argued that certification was appropriate because the MPCFA, as interpreted by Group Health, doesn't require proof of individual reliance, the court rejected this argument by explaining that Group Health "did not entirely remove the element of reliance in Minnesota consumer fraud claims." Id. at 839. The court noted that while Group Health recognized the legislature's intent to relax the traditional common law reliance standard for statutory consumer fraud claims, that case "does not eliminate the right of a defendant to present evidence negating a plaintiff's direct or circumstantial showing of causation and reliance." Id. at 840.

4

Given St. Jude's showing that it intended to present evidence concerning the reliance or non-reliance of individual physicians and patients on the representations made by St. Jude, the court concluded that certification under Rule 23(b)(3) was improper. Id. at 840-841. The court determined that any trial "would require physician-by-physician inquiry into each doctor's sources of information about the valve, and the credibility of any physician's denial that he relied on St. Jude's statements." Id. at 841. The court also found that individual issues would predominate in the remedial phase of the litigation because the plaintiffs sought the highly individualized remedies of medical monitoring and consequential damages for each plaintiff. Id.

Based on the St. Jude holding, FedEx now argues that the issue on class certification isn't whether each plaintiff must make a showing of reliance, an argument the court rejected in its March 25 order, but whether FedEx intends to present individualized evidence that the plaintiffs didn't rely on its representations. FedEx maintains that it will present individualized evidence that some of the plaintiffs didn't rely on the operating agreement because they didn't read it or because they based their employment decisions on other factors. FedEx contends that, under St. Jude, they have a right to present such evidence, and this evidence makes class treatment of the MPCFA claim inappropriate.

The plaintiffs respond that FedEx cannot point to a change in the facts or the substantive law that would support decertification of the MPCFA claim under Rule 23(c)(1)(C). For instance, FedEx cites the same facts with respect to its

5

individualized inquiry argument that the court considered in making its certification decision. The Minnesota legislature hasn't amended the MPCFA, nor have any of the Minnesota appellate courts declined to follow the holding in Group Health. *See e.g.*, Wiegand v. Walser Auto. Groups, Inc., 683 N.W.2d 807, 812-813 (Minn. 2004). The plaintiffs contend St. Jude is distinguishable from this case.

For example, in St. Jude, the defendant presented evidence that would break the causal link between its conduct and two of the five individual plaintiffs: whether those plaintiffs received any representations from the defendant through their physicians. 522 F.3d at 838-839. In contrast, this case involves an alleged continuing course of conduct that caused the plaintiffs to act in a certain way. Specifically, the Minnesota plaintiffs present facts that FedEx made representations to a large number of drivers regarding their employment status through hiring and recruitment practices, advertisements, and the operating agreement. While FedEx claims that some drivers didn't read or rely on the operating agreement, each driver signed the agreement, acknowledging the receipt of FedEx's representations regarding the driver's status as an independent contractor.

Similarly, in Mooney v. Allianz Life Insurance Co. of North America, 2008 WL 2952055 (D. Minn. July 28, 2008), the District of Minnesota rejected the defendant's contention that certification was improper under Rule 23(b)(3) because it intended to present evidence regarding whether the individual plaintiffs actually relied on the alleged misrepresentations at issue. Akin to FedEx's

6

argument in this case, the defendant asserted that some (but not all) of the plaintiffs read the materials containing the alleged misrepresentations, some might have read the materials but not understood them, and some might have acted for reasons independent of the materials. As such, the defendant claimed that St. Jude compelled the conclusion that individual issues predominated. Id. at *2.

The Mooney court distinguished St. Jude, finding that while significant factual issues existed in St. Jude as to whether the plaintiffs received any misrepresentations about the defective heart valve, the Mooney plaintiffs presented evidence that each class member signed an acknowledgment that they received customer brochures and marketing literature containing the defendant's alleged misrepresentations. Id. at *3. Further, the plaintiffs proffered common evidence in the form of sales data and expert testimony, which provided a casual link between the misrepresentations and the plaintiffs' conduct. Id. at *2. As a result, the court declined the defendant's request to decertify the class.

As in Mooney, the Minnesota plaintiffs present evidence that FedEx required all of its drivers to sign a standard operating agreement acknowledging their employment status as independent contractors. Therefore, unlike in St. Jude, there is no question as to whether each class member received FedEx's representations. In addition, the FedEx Ground plaintiffs intend to present common evidence regarding FedEx's conduct toward its drivers, including advertisements, recruiting materials, and FedEx's marketing plan, which may

7

constitute a sufficient casual nexus to recover under the MPCFA. *See* Group Health Plan, Inc. v. Phillip Morris, Inc., 621 N.W.2d at 14-15. Finally, while the issue of medical monitoring costs and consequential damages required individual inquiry into the plaintiffs' personal histories in St. Jude, these considerations aren't present in the drivers' litigation. Accordingly, FedEx hasn't shown that St. Jude compels the conclusion that individual issues of causation and reliance predominate over the common questions of fact.

Moreover, the court isn't bound by the Eighth Circuit's interpretation of the MPCFA or the state appellate cases construing it. United States v. Glaser, 14 F.3d 1213, 1216 (7th Cir. 1994) ("Nothing the eighth circuit decides is 'binding' on district courts outside its territory."); *see also* Kutsungeras v. AVCO Corp., 973 F.2d 1341, 1346 (7th Cir. 1992). While FedEx argues that an MDL court should respect the law of the transferor court, citing In re Starlink Corn Prods. v. Aventis Cropscience United States Holding, 211 F. Supp. 2d 1060, 1063 (N.D. Ill. 2002), with regard to issues of state law, a district court must apply the law as interpreted by the state's courts, and any conflict between the interpretation of the "state's highest court and those of a federal court must be resolved in favor of the state's understanding of the law." Id. In the March 25 order, the court interpreted Minnesota law and found that the plaintiffs aren't required to present individualized evidence of reliance under the MPCFA.

FedEx hasn't persuaded the court that the decision to certify the plaintiffs' claims under the MPCFA was unsound. Accordingly, the court DENIES FedEx's

8

motion to amend order certifying a Minnesota (*Lee*) class on the MPCFA claim [Doc. No. 1426].

SO ORDERED.

Entered:  December 16, 2008 

                                                   /s/ Robert L. Miller, Jr.   
                                                  Chief Judge
                                                  United States District Court